EDWIN PRATHER, SBN 190536
PRATHER LAW OFFICES
245 Fifth Street, Suite 103
San Francisco, CA 94103
Telephone: (415) 881-7774
Email: edwin@pratherlawoffices.com

Attorneys for Defendant
HENRI PESSAH

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 11-0802 CRB |
| Plaintiff, | **DEFENDANT PESSAH'S SENTENCING MEMORANDUM** |
| v. | |
| HENRI PESSAH, | |
| Defendant. | |

# I. INTRODUCTION

Henri Pessah stands before the Court having pled guilty to the single charge in this case – a violation of 15 U.S.C. § 1, bid rigging.  For the reasons indicated herein, the Court should sentence Mr. Pessah to a three-year probationary sentence.  Such a sentence is an appropriate resolution to this case to both punish Mr. Pessah for his actions, but also to take in consideration his personal issues under 18 U.S.C. § 3553(a).

# II. PROCEDURAL HISTORY

On October 27, 2011, a two-count Indictment was filed by the government charging Mr. Pessah with bid rigging, in violation of 15 U.S.C. § 1, and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.  On September 19, 2017, Mr. Pessah pled guilty to Count One of the Indictment – bid rigging.  This Court is scheduled to set a sentencing proceeding for Mr. Pessah on April 27, 2018, at 1:30 p.m.

# III. OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Mr. Pessah has no objections to the Presentence Investigation Report ("PSR").

# IV. SENTENCING GUIDELINES CALCULATION

Pursuant to the United States Sentencing Guidelines ("U.S.S.G."), which are advisory after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), Mr. Pessah has a total offense level of thirteen for his offense.   This total offense level is reached by starting with a base offense level of twelve, that is then increased by one level for conduct involving an agreement to submit non-competitive bids, pursuant to the U.S.S.G. §2R1.1(b)(1), and a two-level increase, pursuant to USSG § 2R1.1(b)(2), for a stipulated volume of commerce not to be less than $1,387,463.  PSR at ¶¶ 23-25.  Mr. Pessah's adjusted offense level of fifteen is then

1    decreased by two levels for his acceptance of responsibility resulting in a total offense level of

2    thirteen.  PSR at ¶¶ 29-32.

3        Mr. Pessah has never had a criminal contact and certainly has no criminal history.  His

4    criminal history score is zero and his criminal history category is I.  *Id.* at 33-40.

5        Therefore, Mr. Pessah's adjusted offense level of thirteen indexed with a Criminal

6    History Category I yields an advisory guideline range of 12 to 18 months.  This Court must

7    consider, but is not bound by, this guideline range.  *See USA v. Hammons,* 558 F.3d 1100 (9th

8    Cir. 2009).

9                        **V. SENTENCING RECOMMENDATION**

10       Mr. Pessah and the probation department both recommend a probationary sentence in this

11   case.  Mr. Pessah also submits that a three-year term of probation is an appropriate resolution to

12   his case in consideration of Mr. Pessah's substantial cooperation and assistance.  Additionally,

13   the recommended sentence is also sufficient and not greater than necessary to comply with the

14   directives of 18 U.S.C. § 3553(a), namely: the nature and circumstances of the offense; Mr.

15   Pessah's history and characteristics; the need for the sentence imposed to reflect the seriousness

16   of the offense, to afford adequate deterrence, and to provide Mr. Pessah with the opportunity to

17   address his personal issues.

18       **A.  The Government's Motion For A Downward Departure Under U.S.S.G. § 5K1.1**

19       The government has made a motion for a downward departure under U.S.S.G. § 5K1.1.

20   Mr. Pessah is in concurrence with the government's motion and agrees that he has provided

21   substantial assistance in a significant fashion to the government.

22       Mr. Pessah agrees with the government that in January 2012, Mr. Pessah "immediately

23   began cooperating in the investigation."  Government Sentencing Memorandum, p. 4.  It is also

true that Mr. Pessah's early plea influenced the decisions of other co-defendants who pleaded after him to also plead guilty and accept responsibility.  Government Sentencing Memorandum, p. 4.  The government notes that "[i]n particular, the government believes that [Mr.] Pessah's plea was a significant contributing factor in co-conspirator Gary Anderson's subsequent decision to plead guilty." *Id.*

Additionally, Mr. Pessah provided a truthful and candid interview with the Federal Bureau of Investigation and relayed "corroborating information regarding the operation of the conspiracy, the conduct of other conspirators, and various bid-rigging agreements." *Id.*  The government also offers that Mr. Pessah "made himself readily available to the prosecution team in the event he would be needed for further information or potential testimony." *Id.*

It is clear that Mr. Pessah's cooperation was useful, significant, complete, reliable, extensive and timely.  The government further concludes as part of its Motion under § 5K1.1 that Mr. Pessah's cooperation and willingness to admit his actions so early on warrant a downward departure. Id.  Mr. Pessah concurs.

**B.  The Nature And Circumstances Of The Offense, As Well As Mr. Pessah's History And Characteristics, Support A Probationary Sentence**

Under 18 U.S.C. § 3553(a)(1), "the court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant."  These two factors support Mr. Pessah's sentencing position.

**1.   Nature and Circumstances of the Offense**

As reported in the PSR, while Mr. Pessah worked as a real estate agent listed distressed properties from 2007 to 2010.  PSR at ¶ 15.  Mr. Pessah worked with co-defendant Gary Anderson to purchase properties at foreclosure auctions.  *Id.*  However, Mr. Pessah received a small fee from Mr. Anderson for each property that researched and listed for Mr. Anderson; he

was not a partner of Mr. Anderson.  PSR at ¶ 15.  It is also important to note that Mr. Pessah did not invest any of his own funds into the purchase of any properties sold at auction and was only acting on behalf of Mr. Anderson.  *Id.*

Eventually, Mr. Pessah was approached to enter into the payoff agreements at the auctions.  *Id.*  However, Mr. Pessah pled guilty to participating in the scheme for only a few months between April and October 2010.  *Id.*  In total, Mr. Pessah received $2,500 in payoff money as part of his participation in the scheme.  *Id.* at ¶ 17.  He was also able to bid on properties in San Mateo for Mr. Anderson to purchase.  *Id.* at ¶¶ 15-17.

Mr. Pessah was not the mastermind of this scheme nor was he sophisticated enough to create even part of it.  He was however, able to participate in it, in some small manner, on behalf of himself and Mr. Anderson.  However, very early in his case, Mr. Pessah provided substantial cooperation to the government and through his small role in the case, was able to provide valuable and useful information to the government.  Mr. Pessah's role and actions in the offense warrants consideration under § 3553(a)(1).

### 2.  Mr. Pessah's History and Characteristics

Mr. Pessah's history and characteristics also warrant consideration under § 3553(a)(1). Mr. Pessah was born in 1955 in Cairo, Egypt, into a Jewish family with eight children.  PSR ¶ 42.  In 1967, when Mr. Pessah was twelve years old, his father and brothers were taken to internment camps by the Egyptian government.  *Id.* at ¶ 43.  Mr. Pessah and the rest of the family were taken out of Cairo to Italy and eventually to the United States.  *Id.*  It was through this process that Mr. Pessah and his family eventually found his way to small apartment in San Francisco.  *Id.*  Mr. Pessah went to San Francisco City College and became a naturalized U.S. citizen.  *Id.* at ¶ 44.

Mr. Pessah married in 1983 and had four sons.  Unfortunately, in 2012, one of his sons, Benjamin Pessah, was the victim of a violent crime and was shot in the head.  PSR at ¶ 46.  Mr. Pessah and his family have been tending to Benjamin's needs ever since.

Mr. Pessah owned and operated a wholesale baking company before eventually selling the company and becoming a real estate agent.  PSR at ¶ 45.

As a sixty-two-year-old man, Mr. Pessah has seen many things in his life – war affecting his family, immigration, going to school in a foreign country in a foreign language, building a successful business from ground up, having a child be the victim violent crime and having to care for that child as an adult.  Mr. Pessah shows a quiet confidence in everything he does; he has done it all.  He has lived a peaceful existence and a productive member of society; no criminal contacts and only one speeding ticket in his life.  Such perseverance merits the Court's consideration and Mr. Pessah agrees with the PSR that these factors warrant a sentence outside of the typical guideline sentence.

**C. A Probationary Sentence Meets The Directives Of 18 U.S.C. § 3553(a)(2)**

18 U.S.C. § 3553(a)(2) directs the Court to consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes."  A probationary sentence meets these directives.

> **1. The Recommended Sentence Reflects the Seriousness of the Offense, Promotes Respect for the Law and Provides Just Punishment for the Offense**

While all violations of federal law are to be taken seriously, there can be no doubt that certain offenses, *e.g.,* child or sex offenses, high-level narcotics trafficking, and RICO offenses, are arguably more serious than Mr. Pessah's seven-month involvement in a big rigging scheme

with payoff agreements.  Moreover, the United States Sentencing Commission has noted the seriousness of the offense may be lessened, for example, if the crime was victimless and was not violent.  *See* 28 U.S.C. § 994(j) (prison is generally inappropriate in "cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense," while some term of imprisonment is generally appropriate for "a person convicted of a crime of violence that results in serious bodily injury").

While the overall bid rigging scheme may have had a sophisticated element, Mr. Pessah's involvement in the offense was non-violent and uncomplicated.

Mr. Pessah is a first-time offender who made a mistake.  While these circumstances do not minimize Mr. Pessah's offense and the trouble and inconvenience caused to others, a probationary sentence, accurately accounts for the seriousness of the offense, promoting respect for the law and providing for just punishment.

## 2.   The Recommended Sentence Affords Adequate Deterrence

Empirical evidence is unanimous that no relationship exists between sentence length and general or specific deterrence, regardless of the crime type.  *See* Andrew von Hirsch, *et al.*, *Criminal Deterrence and Sentence Severity: An Analysis of Recent Research* (1999) (concluding that "correlations between sentence severity and crime rates . . . were not sufficient to achieve statistical significance," and that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects.").

As a first-time offender, having engaged in a big rigging scheme with payoff agreements, his actions do not require a custodial sentence in order to be deterred from other criminal conduct in the future.  There is no doubt that this conduct was Mr. Pessah's one and only contact with the

criminal justice system. A probationary sentence affords adequate specific and general deterrence in this case.

**D. A Three-Year Probationary Sentence Meets the Directives of 18 U.S.C. § 3553(a)(6)**

The Court must consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct under 18 U.S.C. § 3553(a)(6). While the co-defendants in the present case will be sentenced together or in groups, the Court may find instructive the many bid rigging cases involving similar, if not the same, conduct here in the Northern District of California. There are several cases in the Oakland Division involving minimal conduct and involving substantial assistance to the government under U.S.S.G. § 5K1.1 which were sentenced in 2017. The following is a list of cases involving a charge of bid rigging at the courthouse steps foreclosure auctions that received a sentence of three years of probation:

*USA v. Kramer,* CR 11-0423 PJH – sentenced to three years of probation

*USA v. Margen,* CR 11-0425 PJH – sentenced to three years of probation

*USA v. Franciose,* CR 11-0426 PJH – sentenced to three years of probation

*USA v. Wong,* CR 11-0427 PJH – sentenced to three years of probation

*USA v. Wong,* CR 11-0428 PJH – sentenced to three years of probation

*USA v. Legault,* CR 11-0429 PJH – sentenced to three years of probation

*USA v. Moore,* CR 11-0431 PJH – sentenced to three years of probation

*USA v. Alvernaz,* CR 11-0743 PJH – sentenced to three years of probation

*USA v. Powers,* CR 11-0722 PJH – sentenced to three years of probation

*USA v. Larsen,* CR 11-0723 PJH – sentenced to three years of probation

*USA v. Wong,* CR 12-0082 PJH – sentenced to three years of probation

*USA v. Leung,* CR 12-0083 PJH – sentenced to three years of probation

*USA v. Slipper,* CR 12-0447 PJH – sentenced to three years of probation

*USA v. Ditmer,* CR 12-0448 PJH – sentenced to three years of probation

*USA v. Liu,* CR 12-0611 PJH – sentenced to three years of probation

*USA v. Renquist,* CR 13-0143 PJH – sentenced to three years of probation

*USA v. McDonough,* CR 13-0144 PJH – sentenced to three years of probation

*USA v. Kahan,* CR 13-0412 PJH – sentenced to three years of probation

*USA v. Barta,* CR 13-0413 PJH – sentenced to three years of probation

*USA v. Galvez,* CR 13-0414 PJH – sentenced to three years of probation

*USA v. Vesce,* CR 13-0415 PJH – sentenced to three years of probation

*USA v. Bo,* CR 13-0730 PJH – sentenced to three years of probation

*USA v. Bishop,* CR 14-0001 PJH – sentenced to three years of probation

*USA v. Silva,* CR 14-0002 PJH – sentenced to three years of probation

*USA v. Gonzales,* CR 14-0099 PJH – sentenced to three years of probation

*USA v. Zepernick,* CR 14-0512 PJH – sentenced to three years of probation

*USA v. Shiells,* CR 14-0581-01 PJH – sentenced to three years of probation

*USA v. De Sanz,* CR 14-0581-02 PJH – sentenced to three years of probation

*USA v. Rock,* CR 14-00607-05 PJH – sentenced to three years of probation

*USA v. Roemer,* CR 15-0228 PJH – sentenced to three years of probation

*USA v. Roemer,* CR 15-0229 PJH – sentenced to three years of probation

*USA v. Lippman,* CR 15-0245 PJH – sentenced to three years of probation

*USA v. Cheng,* CR 15-0593 PJH – sentenced to three years of probation

*USA v. Cheng,* CR 15-0594 PJH – sentenced to three years of probation

*USA v. Wang,* CR 15-0604 PJH – sentenced to three years of probation

Whether the prosecution agreed to three-year probationary sentences for all of the above defendants or whether the Court sentenced these low-level defendants to the same sentence, it is essential for this Court to avoid unwanted sentencing disparities and to take these thirty-five defendants into consideration.  These sentences provide further evidence that Mr. Pessah should also receive a three-year probationary sentence.

## VII. CONCLUSION

For the foregoing reasons, namely, the Court should sentence Mr. Pessah to the three-year probationary sentence recommended by the defense and U.S. Probation Department.  Such a sentence is an appropriate resolution to this case to both punish Mr. Pessah for his actions, but also to recognize his early and complete cooperation and to take in consideration his personal issues under 18 U.S.C. § 3553(a).  Such a sentence meets the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes.

Dated: April 19, 2018                                        Respectfully submitted,

                                                                        ___/s/_____
                                                                        EDWIN PRATHER
                                                                        PRATHER LAW OFFICES
                                                                        Attorneys for Defendant
                                                                        HENRI PESSAH